Filed 6/1/22  P. v. Mathews CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HOUSTON EUGENE MATHEWS,<br><br>    Defendant and Appellant. | F082563<br><br>(Super. Ct. No. SC073073A)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Michael G. Bush, Judge.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ward A. Campbell, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

## INTRODUCTION

Petitioner Houston Eugene Mathews petitioned the trial court for resentencing on his conviction for first degree murder. (Pen. Code,[1] § 1170.95.) The court summarily denied the petition.

On appeal, petitioner argues the trial court reversibly erred in failing to state the basis for its ruling. We conclude the error was harmless because the record of conviction establishes petitioner is ineligible for resentencing as a matter of law. Accordingly, we affirm.

## PROCEDURAL HISTORY[2]

In 1998, a jury convicted petitioner of the first degree murder of Tyrone Murray (§ 187, subd. (a); count 1) with the special circumstance the murder was intentional and perpetrated by discharging a firearm from a motor vehicle at another person with intent to inflict death (§ 190.2, subd. (a)(21)), and the attempted murder of James B.[3] (§§ 187, subd. (a), 664; count 2). As to both counts, the jury found gang and firearm allegations to be true. (§§ 186.22, subd. (b)(1), 12022, subd. (a)(1).) On count 2, the trial court sentenced petitioner to the upper term of nine years, plus an additional three years for a great bodily injury enhancement (§ 12022.7, subd. (a)), one year for the firearm enhancement, and three years for the gang enhancement. On count 1, the court sentenced petitioner to a consecutive term of life without the possibility of parole, plus an additional term of one year for the firearm enhancement and three years for the gang enhancement. In petitioner's direct appeal, this court reversed the sentence on the great bodily injury enhancement because no such allegation was found true by the court or jury, but

---

[1] Undesignated statutory references are to the Penal Code.

[2] We dispense with a statement of facts, as the facts underlying the offenses are not pertinent to the issues raised on appeal.

[3] Pursuant to California Rules of Court, rule 8.90, we refer to some persons by their first names. No disrespect is intended.

2.

otherwise affirmed. (*People v. Mathews* (Feb. 3, 2000, F031307) [nonpub. opn.] (*Mathews*).)

On February 4, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95.**⁴** In the form petition, petitioner stated that a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. He further averred that he was not the actual killer, did not act with an intent to kill, and was not a major participant in the underlying felony or did not act with reckless indifference to human life in the course of the crime, and the victim was not a peace officer in the performance of his or her duties. Lastly, he declared that there was a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d). He also requested counsel be appointed to represent him on the petition.

The court appointed counsel to represent petitioner on the petition. The People filed a motion to dismiss the petition on the ground Senate Bill No. 1437 (2017-2018 Reg. Sess.) is unconstitutional, and the motion was fully briefed and eventually denied.

---

**⁴** At the time petitioner filed his petition, section 1170.95 did not expressly permit a petition for resentencing on convictions for attempted murder. However, section 1170.95 since has been amended to "[c]larif[y] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Sen. Bill No. 775 (2021-2022 Reg. Sess.), Stats. 2021, ch. 551, § 1, subd. (a).) Petitioner did not seek resentencing on his attempted murder conviction in the trial court and we do not address his eligibility for resentencing on this count. Petitioner retains any remedies available to him in the trial court.

Thereafter, the People filed a response to the petition on the merits, arguing petitioner was ineligible for resentencing because he was not convicted of felony murder or murder under a natural and probable consequences theory, but rather under a direct aiding and abetting theory. Additionally, the People asserted, the evidence showed that petitioner aided and abetted in the murder with intent to kill. The People requested the court take judicial notice of this court's opinion in petitioner's direct appeal and the files and record in the underlying criminal case, and stated the People would seek leave to file copies of the trial transcripts once they were available.

Petitioner filed a reply to the People's response, arguing the court could not rely on the "unreliable recitation of 'facts' " contained in the People's response to deny the petition. He asserted he made a prima facie showing of eligibility for resentencing and was entitled to an evidentiary hearing.

Thereafter, reporter's transcripts from petitioner's criminal trial were filed with the trial court.

On March 18, 2021, the trial court summarily denied the petition by minute order without providing a statement of reasons.

This timely appeal followed.

## DISCUSSION

### I. Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill accomplished this task by adding three separate provisions to the Penal Code. (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).) First, to amend the natural and probable consequences doctrine, the bill added section

188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842-843.) Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[5] (§ 189, subd. (e); accord, *Gentile*, at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.) This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile, supra,* 10 Cal.5th at p. 853.) First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that

---

[5] Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer. (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

"(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

"(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(1)-(3); see § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959-960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1170.95, subd. (b)(2).) Otherwise, counsel must be appointed, if requested. (§ 1170.95, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961-963, 967.) In making this determination, the court may rely on the record of conviction. (*Lewis*, at pp. 970-971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).) At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95,

subd. (d)(3).) The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens. The admission of evidence at the hearing is governed by the Evidence Code. However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion." (§ 1170.95, subd. (d)(3).) Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972-974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II. Statement of Reasons

Petitioner contends the trial court erred in failing to provide a statement of reasons for the denial of the petition.

At the time the trial court ruled on the petition, section 1170.95 did not expressly require the trial court to provide a statement of reasons when denying a petition. (See § 1170.95, former subd. (c).) However, the Legislature has since clarified that, "[i]f the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).) Under the law as amended, the trial court was required to provide a statement of reasons when denying the petition at the prima facie stage.

## III. Prejudice

Because the trial court did not provide a statement of reasons, we may affirm only if petitioner was not prejudiced by the omission. (See *Lewis*, *supra*, 11 Cal.5th at

pp. 972-974.) As we explain, we conclude petitioner was not prejudiced because the record of conviction establishes he is ineligible for resentencing as a matter of law.

      A.      <u>Jury Instructions and Argument</u>

To be eligible for relief pursuant to section 1170.95, petitioner must have been convicted of murder under a felony murder or natural and probable consequences theory. (§ 1170.95, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) However, the record of conviction reflects petitioner was not convicted under such theories. The jury was instructed on general principles of aiding and abetting, and specifically that a person aids and abets the commission of a crime if he acts "with the intent or purpose of committing or encouraging or facilitating the commission of the crime."

The jury also was instructed on the elements of both first and second degree murder with malice aforethought. In addition to general malice murder, the jury was instructed on murder occurring "during the commission of a driveby shooting." In this regard, the jury was instructed that "[m]urder which is perpetrated by means of discharging a firearm from a motor vehicle intentionally at another person outside of the vehicle when the perpetrator specifically intended to inflict death, is also murder of the first degree."

Neither the aiding and abetting instructions nor the murder instructions permitted the jury to find petitioner guilty of murder under the felony-murder doctrine, a natural and probable consequences theory, or any other imputed malice theory.

Likewise, the prosecution argued to the jury that petitioner had committed murder in the first degree, either because petitioner premeditated the murder, or because he committed the murder by way of a drive-by shooting and with the specific intent to kill. The prosecution did not argue petitioner was guilty of felony murder or murder under a natural and probable consequences or other imputed malice theory.

No imputed malice theories were presented to the jury and there is therefore no possibility the jury found petitioner guilty under such theories. Because petitioner was

not convicted of felony murder or murder under a natural and probable consequences or other imputed malice theory, he is ineligible for resentencing as a matter of law. (§ 1170.95, subd. (a).) He therefore was not prejudiced by the court's summary denial of the petition without a statement of reasons. (See *Lewis*, *supra*, 11 Cal.5th at pp. 972-974.)

### B. Special Circumstance Finding

In addition to the foregoing, the jury's special circumstance finding also establishes petitioner is ineligible for resentencing as a matter of law.

Pursuant to section 1170.95, a petitioner is ineligible for resentencing if he or she was the actual killer, acted with the intent to kill or malice aforethought, or was a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.) Here, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(21), which imposes a sentence of death or life without the possibility of parole for a murder that was "intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person . . . outside the vehicle with intent to inflict death." (§ 190.2, subd. (a)(21).) In finding this special circumstance true, the jury necessarily found petitioner acted with intent to kill, whether as the actual killer or an aider and abettor to the murder. (§ 190.2, subds. (a)(21), (c).) The true finding on the special circumstance therefore establishes the jury made the findings necessary to sustain a murder conviction under the law, as amended by Senate Bill No. 1437 (2017-2018 Reg. Sess.), and on this additional basis, petitioner is ineligible for resentencing as a matter of law.

### DISPOSITION

The March 18, 2021 order denying petitioner's section 1170.95 petition for resentencing is affirmed.